| AUSA: | Barrington Wilkins | Telephone: | (313) 226-9621 |
|---|---|---|---|
| Special Agent: | Andrew Erber | Telephone: | (313) 226-2466 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.

Syed SHAH

Navjot SINGH

Case: 2:25−mj−30580
Assigned To : Unassigned
Assign. Date : 9/12/2025
Description: CMP USA v Shah et al. (SH)

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 11, 2025** in the county of **St. Clair** in the **Eastern** District of **Michigan**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute controlled substances |

This criminal complaint is based on these facts:

See affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent Andrew Erber
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: September 12, 2025

_Judge's signature_

City and state: Detroit, MI

Hon. Anthony P. Patti, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrew Erber, Special Agent with Homeland Security Investigations, being first duly sworn, on oath, hereby depose and state as follows:

### *Introduction and Agent Background*

1. I make this affidavit in support of a criminal complaint charging Syed SHAH (Defendant 1) and Navjot SINGH (Defendant 2) with: 1) conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a schedule II controlled substance, in violation of Title 21 USC §§ 846, 841 (a)(1) and 841(b)(1)(A)(viii); and 2) knowingly and unlawfully possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a schedule II controlled substance, all in violation of Title 21 USC §§ 841(a)(1) and 841(b)(1)(A)(viii).

2. I am a Special Agent employed by the United States Department of Homeland Security, Homeland Security Investigations (HSI), in Detroit, Michigan. I have been a Special Agent with the Detroit Special Agent in Charge (SAC) Office since July of 2022. I previously served as a U.S. Border Patrol Agent since June of 2016. I have successfully completed the Homeland Security Investigations Special Agent Training Course at the Federal Law Enforcement Training Center in Glynco, Georgia.

3. I have also had the opportunity to work with several other HSI agents and other law enforcement agents and officers of varying experience levels, who have investigated narcotics smuggling networks. My investigative experience, my training, and the experience of other law enforcement agents in this investigation serve as the basis for the opinions and conclusions set forth herein.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

[1]

## *Probable Cause*

5.     The government has developed probable cause to conclude that on September 11, 2025, SHAH and SINGH conspired to smuggle approximately 425 kilograms of suspected methamphetamine out of the United States for introduction into Canadian commerce.

6.     On September 11, 2025, at approximately 12:20 p.m., a Homeland Security Investigations (HSI) Port Huron Special Agent (SA) observed an Ontario plated commercial vehicle (CV1) parked next to a California-plated CV (CV2) in the back of the Marathon gas station parking lot, 2700 Kinney Rd, Memphis, Michigan. CV1 was bearing an Ontario tractor plate (PA47567), hauling an Ontario plated trailer (R3577N). CV2 was bearing a California tractor plate (YP88622) hauling an Indiana plated trailer (T472368). Both CV's driver's doors were open, and two individuals were observed at the rear of the trailers. Both individuals appeared to be moving items between the trailers.

7.     CV1 departed the location first and was followed to the Blue Water Bridge (BWB) by members of HSI Port Huron. An HSI Task Force Officer (TFO) observed a blue bolt seal securing the trailer doors. At approximately 1:19 p.m., CV1 was stopped by officers from Customs and Border Protection (CBP) as it was observed attempting to depart the United States via the BWB. CBP officers encountered the lone occupant and operator of CV1, Syed SHAH.

8.     An HSI TFO canine handler conducted a free air sniff yielding a positive alert at the rear doors of the trailer. Upon inspection, CBP officers located numerous resealable plastic bags containing opaque-colored crystals. CBP officers conducted a field test which yielded a positive result for methamphetamine. In total, 425 kilograms of suspected methamphetamine was found.

9.     SHAH was detained by CBP officers, and a cut blue bolt seal was found in his pants pocket. Members of HSI Port Huron also located bolt cutters in the cab of CV1.

10.    SHAH was detained at the BWB by CBP officers until he was transported to the St Clair County Jail (SCCJ) where he was lodged.

11. CV2 departed several minutes after CV1 and was followed by an HSI SA as it travelled westbound on Interstate 69. A Michigan State Police (MSP) Motor Carrier Officer (MCO) conducted a traffic stop for a traffic violation in Genesse County. The MSP MCO and HSI SA encountered the lone occupant and operator of CV2, Navjot SINGH.

12. SINGH indicated he was travelling with a load of legitimate commerce (paper products) from Manistee, Michigan to Stockton, California. The MSP MCO observed that the trailer was not sealed, and SINGH indicated that the seal was inside the cab of CV2. The Bill of Lading regarding the legitimate commerce noted that the "seal must remain intact until customer authorizes it to be broken."

13. SINGH was taken into custody by HSI and transported to the SCCJ where he was lodged.

14. In my training and experience, narcotics couriers will use semi-public locations such as truck stops or commercial areas to transfer narcotics. Additionally, couriers will utilize packing boxes and garbage bags to facilitate the quick transfer of large amounts of narcotics between vehicles. This allows couriers to avoid a lengthy process of concealing and comingling the narcotics into the legitimate merchandise. In your affiant's experience, the location in the trailer where the narcotics were located is suggestive of a transfer as described above. Additionally, the quantity of Methamphetamine discovered in the trailer was inconsistent with personal use and indicative of drug trafficking.

## *Conclusion*

12.  Based upon the aforementioned facts, I believe that there is probable cause to believe that Syed SHAH (Defendant 1) and Navjot SINGH (Defendant 2) did: 1) conspire to distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a schedule II controlled substance, in violation of Title 21 USC §§ 846, 841 (a)(1) and 841(b)(1)(A)(viii); and 2) they did knowingly and unlawfully possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a schedule II controlled substance, all in violation of Title 21 USC §§ 841(a)(1) and 841(b)(1)(A)(vii).

_____

Andrew P. Erber, Special Agent

Immigration & Customs Enforcement

Homeland Security Investigations

Sworn to in my presence and/or

by reliable electronic means

this 12th day of September 2025.

_____

Hon. Anthony P. Patti

United States Magistrate Judge

[4]